IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAMES M. MARTIN, | : |
| Plaintiff, | : |
| v. | : No. 5:20-cv-393-MTT-CHW |
| Lieutenant ROBERT MERRELL, *et al.*, | : |
| Defendants. | : |

## ORDER

Plaintiff James M. Martin, a prisoner in Dooly State Prison in Unadilla, Georgia, has filed a 42 U.S.C. § 1983 action. ECF No. 1. He also provided the Court with a copy of his prisoner trust fund account statement, which the Court construes to be a motion to proceed in this action without prepayment of the required filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 2.

The Court find that Plaintiff may not proceed *in forma pauperis* because, as discussed below, federal courts have dismissed at least three of Plaintiff's prior lawsuits or appeals as frivolous, malicious, for failing to state a claim, or for failure to exhaust administrative remedies. Therefore, these dismissals count as "strikes" under 28 U.S.C. § 1983. Moreover, in the current complaint, Plaintiff does not allege that he is in imminent danger of serious physical injury. Accordingly, the Court **DENIES** Plaintiff's motion to proceed *in forma pauperis* and **DISMISSES** his complaint **WITHOUT PREJUDICE**, as set forth below. The Court also **DENIES** Plaintiff's motion for reconsideration of *Martin v. Dooly State Prison Administrative Business Department*,

5:17-cv-361-TES-CHW, which Plaintiff filed in this action. ECF No. 3. Any motion to reconsider *Martin v. Dooly State Prison Administrative Business Department*, 5:17-cv-361-TES-CHW, must be filed in that action.

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Under § 1915(g), a prisoner incurs a "strike" any time a court dismisses the prisoner's federal lawsuit or appeal on the grounds that it is frivolous or malicious or fails to state a claim or the prisoner failed exhaust administrative remedies. *See White v. Lemma,* 947 F.3d 1373, 1379 (11th Cir. 2020) (citation omitted) (dismissal for failure to exhaust administrative remedies counts as a strike); *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, a court may not grant him leave to proceed *in forma pauperis* unless the prisoner is under imminent danger of serious physical injury. *Id.*

Having reviewed court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database, the Court finds that Plaintiff has filed at least three federal lawsuits or appeals that federal courts have dismissed as frivolous, for failure to state a claim, or for failure to exhaust administrative remedies. *See* Order Dismissing Compl., *Martin v. Mason,* 4:12-cv-183-CDL (M.D. Ga. July 25, 2012) (dismissing complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim), ECF

No. 5; Order Dismissing Compl., *Martin v. Barge*, Case No. 1:09-cv-91-WLS (M.D. Ga. Sept. 20, 2010) (dismissing complaint for failure to exhaust administrative remedies), ECF No. 33; Order finding appeal frivolous, *Martin v. Barge*, 12-15852 (11th Cir. April 23, 2013) (three judge panel dismissing appeal and specifically finding appeal was frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)).[1] Accordingly, 28 U.S.C. § 1915(g) bars Plaintiff from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury.   28 U.S.C. § 1915(g).

To invoke this exception, a prisoner must allege specific facts that describe an ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.  *Brown v. Johnson*, 387 F.3d 1344, 1349-50 (11th Cir. 2004).   The Court must consider "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury."   *Id*. at 1350. While the Court must construe a pro se plaintiff's complaint liberally, general allegations of "imminent danger" will not suffice, nor will a claim that the plaintiff faced imminent danger in the past.   *Medberry*, 185 F.3d at 1193 (use of the present tense in § 1915(g) shows "that a prisoner's allegation that he faced imminent danger in the past is an insufficient basis to allow him to proceed *in forma pauperis*").

Plaintiff complains that on May 8, 2017, he was transported by ambulance to the Crisp Regional Hospital because his leg was swollen.   ECF No. 1 at 8.   He states that Defendant Merrell placed a nylon band around both of his ankles before he left Dooly

---

[1] See *Daker v. Comm'r, Georgia Dep't of Corr*., 820 F.3d 1278, 1284-85 (11th Cir. 2016) (finding that to count as a strike, a three-judge panel must state that it is dismissing the appeal as frivolous).

3

State Prison. *Id*. Plaintiff alleges that while he was in the hospital, the band was never removed. *Id*. at 9-10. Due to the placement of the band, he was unable to receive medical treatment. *Id*. He was returned to Dooly State Prison on May 12, 2017. *Id*. at 11. Plaintiff states that he has a bottom bunk profile. *Id*. He was, however, moved to a middle bunk on June 6, 2017. *Id*.

Viewing these allegations as a whole and construing them in favor of Plaintiff, the Court cannot find that Plaintiff has alleged an "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[2]

In conclusion, it the Court **DENIES** Plaintiff's motion to proceed *in forma pauperis* and **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE.**[3] The Court also **DENIES** Plaintiff's motion for reconsideration of *Martin v. Dooly State Prison Administrative Business Department*, 5:17-cv-361-TES-CHW, which Plaintiff filed in this action. ECF No. 3. Any motion to reconsider *Martin v. Dooly State Prison Administrative Business Department*, 5:17-cv-361-TES-CHW, must be filed in that action.

---

[2] The Court notes that it appears Plaintiff's claims are barred by the applicable two-year statute of limitations. *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). This is perhaps why Plaintiff seeks reconsideration of *Martin v. Dooly State Prison Administrative Business Department*, 5:17-cv-361-TES-CHW, a case that he moved to voluntarily dismiss on February 20, 2018 and again on June 8, 2018, which motions the Court granted August 8, 2018. As stated above, any motion to reconsider the Order dismissing that action, must be filed in that action. It appears Plaintiff is aware of this because he filed a motion for reconsideration in that case on June 8, 2020, which the Court denied on July 9, 2020.

[3] In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit. Thus, the proper procedure when a court denies *in forma pauperis* status is to dismiss the complaint without prejudice, allowing the Plaintiff to refile upon payment of the full $400.00 filing fee. Thus, if Plaintiff wants the Court to consider his claims, he may file a new complaint and pay the full filing fee.

**SO ORDERED**, this 20th day of November, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
